Scudder, P.J. and Centra, J.
(dissenting). We respectfully dissent. Like the majority, we would dismiss the appeal from the judgment in appeal No. 1 insofar as it imposed sentence on the conviction of burglary in the second degree, but we otherwise would affirm the judgment in appeal No. 1 and the resentence in appeal No. 2. With respect to appeal No. 1, we disagree with the majority that reversal is required based on County Court’s error in closing the courtroom. We agree with the majority that defendant preserved his contention for our review and that the court erred in closing the courtroom to defendant’s wife at the start of jury selection on the ground that there “wasn’t any room at all” in the courtroom for her (see People v Martin, 16 NY3d 607, 611-612 [2011]). Although we recognize that harmless error analysis is not appropriate based on the erroneous closing of a courtroom (see id. at 613), we agree with the Feople that the closing of the courtroom in this case “was so inconsequential that it [was] trivial” (id.), such that the court “did not violate defendant’s right to a public trial” (People v Peterson, 81 NY2d 824, 825 [1993]).
At the start of jury selection, the court indicated to defendant that his wife could be present in the courtroom as soon as a prospective juror was excused. Jury selection then began with the court’s introductory remarks and precharge. As noted by the majority, the court asked the prospective jurors to approach the podium one by one to give their responses to the following four questions: (1) whether they heard or read anything about the case; (2) whether they or a close friend or family member had been the victim of a crime; (3) whether they or a close friend or family member had been arrested or charged with a crime; and *1129 (4) whether they could be fair to both sides, and if there was a compelling reason they could not serve on the jury. It does not appear that these brief conferences could be heard by anyone in the courtroom other than the parties and the court. During those conferences, two prospective jurors were excused upon consent of both parties. At that point, according to the court’s explicit instructions, defendant’s wife could have come into the courtroom; the courtroom was no longer “closed.” Thus, unlike in Martin, there was no “extensive questioning of prospective jurors” while the courtroom was closed (Martin, 16 NY3d at 613).
We disagree with the majority that the courtroom remained closed until a court officer told defendant’s wife that she could reenter the courtroom. First, we note that there was no discussion held on the record between the court and defendant’s wife. As noted earlier, the only remark by the court at the beginning of jury selection was that, “as soon as we start excusing people, there is going to be room,” to which defense counsel responded, “All right.” In support of his motion to set aside the verdict, defendant submitted an affidavit of his wife setting forth her recollection of a conversation with the court and the circumstances that occurred thereafter. During oral argument of the motion, the court reiterated its recollection that it told defense counsel that defendant’s wife could come back in the courtroom as soon as a juror was excused, and the prosecutor noted that no one knew at what point defendant’s wife actually returned to the courtroom.
In any event, we disagree with the majority that, under the circumstances of this case, the burden was on the court to reopen the courtroom. In our view, once the two prospective jurors were excused after the conferences at the podium, defendant should have either requested a brief recess to allow his wife to reenter the courtroom, or objected to the continued closing of the courtroom. Defendant did neither, and we therefore conclude that reversal based on the closed courtroom is not required. We note, however, that we agree with the majority that defendant’s statutory speedy trial rights were not violated, and thus that reversal on that ground also is not required. Present — Scudder, EJ., Centra, Fahey, Peradotto and Lindley, JJ.